IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADAM DOSA YAHYA MOOR,

     Petitioner,

v.                                                                                  No. 2:26-cv-01293-KG-JMR

DEPARTMENT OF HOMELAND SECURITY, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Adam Dosa Yahya Moor's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7. For the reasons below, the Court grants the habeas petition and orders Petitioner's immediate release.

## I.    *Background*

Petitioner, a citizen of Sudan, entered the United States in 2024 at the Paso Del Norte Port of Entry in El Paso, Texas. Doc. 7 at 2. Petitioner sought asylum as a member of the Zaghawa tribe, which he claims has been subject to persecution and systemic violence in Sudan. Doc. 1 at 13. The Department of Homeland Security has detained him since November 25, 2024. Doc. 7 at 2. He is now at the Otero County Processing Center in New Mexico. *Id.*

On May 8, 2025, an immigration judge denied Petitioner's asylum claim and ordered him removed to Sudan but stayed that removal under the Convention Against Torture ("CAT"). *Id.* Petitioner did not appeal that decision. Doc. 1 at 6.

Petitioner alleges that his removal is "not reasonably foreseeable because of ongoing civil war and instability in Sudan." *Id.* He provides evidence that his hometown is no longer safe, and that his life would be imminently threatened in Sudan due to the persecution of indigenous

1

peoples there. *Id.* at 13–17. The Government opposes the petition. *See generally* Doc. 7.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(b). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; 8 U.S.C. § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id.* at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025

WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

### III.    Analysis

Petitioner's detention violates due process.  First, Petitioner has been detained longer than the presumptively reasonable six-month period recognized in *Zadvydas*.  An IJ ordered Petitioner removed on May 8, 2025.  That order became administratively final on June 7, 2025, upon expiration of the 30-day appeal period. 1241.1(a)–(b).  Petitioner has been detained for approximately 11 months since that date, Doc. 7 at 2, so the presumptively reasonable period of detainment has expired, *see Zadvydas*, 533 U.S. at 701.

Next, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  Because Petitioner's detention has far exceeded the six-month presumptively reasonable period under *Zadvydas*, the showing required to establish that removal is not reasonably foreseeable is correspondingly reduced.  *See* 504 U.S. at 701 (explaining that, as detention exceeds the presumptively reasonable period of six months, the "reasonably foreseeable future" shrinks).  Petitioner asserts that removal to Sudan is not feasible due to the ongoing armed conflict and because he belongs to an ethnic minority that has faced severe persecution.  Doc. 1 at 6, 13.  These allegations are sufficient to satisfy his burden.

Finally, the Government fails to rebut Petitioner's showing.  It asserts only that the Department of Homeland Security "has not provided [declaration] documentation despite multiple attempts to obtain the declaration."  Doc. 7 at 2.  The Response offers no evidence suggesting that Petitioner's removal is significantly likely in the reasonably foreseeable future— for example, it identifies no potential third country willing to accept Petitioner and provides no projected timeline for removal.  *See Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla.)

3

("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention"), *R&R adopted*, 2025 WL 3006045 (W.D. Okla.); *Vargas v. Noem*, 2025 WL 2770679, at *3 (D. Kan.) (same).  After over 11 months of detention, the Government has not carried its burden.

## IV.    *Conclusion*

Because Petitioner has shown good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, his continued detention violates § 1231(a).  The Court therefore orders:

- The Government must release Petitioner within 24 hours of this Order.

- The Government shall file a status report within 10 business days demonstrating compliance.

- If circumstances change and Petitioner's removal becomes reasonably foreseeable, the Government may ask the Court to modify this Order and re-detain Petitioner.  The request must include evidence showing that removal is significantly likely in the reasonably foreseeable future, such as approved travel documents, scheduled transportation arrangements, or other concrete steps.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.